**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NORTH CAROLINA**

_____

| | | |
|---|---|---|
| MERCEDES-BENZ GROUP AG, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. _____ |
| | ) | |
| v. | ) | |
| | ) | |
| LENOVO (UNITED STATES) INC., | ) | |
| a Delaware Corporation, | ) | |
| | ) | |
| Defendant. | ) | |

_____)

## COMPLAINT

COMES NOW, Plaintiff Mercedes-Benz Group AG ("Plaintiff" or "Mercedes-Benz"), by and through the undersigned counsel, to hereby file its Complaint against Defendant Lenovo (United States) Inc. ("Defendant" or "Lenovo US"), and in support thereof, states as follows:

## NATURE OF THE ACTION

1.      This is a civil action for federal trademark infringement, federal trademark dilution, unfair competition and related claims under federal and North Carolina state law resulting from Defendant's (1) advertisement, offer for sale, and/or sale of products using a mark that is confusingly similar to Plaintiff's trademarks without its authorization; and (2) use of a mark in commerce that is sufficiently similar to Plaintiff's famous marks so as to harm consumer perception by blurring.

2.      Plaintiff seeks injunctive and monetary relief for trademark infringement, dilution, and unfair competition under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, unfair competition under North Carolina General Statutes §§75-1.1 *et seq.*, and trademark infringement and unfair

competition under the common law of the State of North Carolina.

## PARTIES

3. Plaintiff is a German corporation having a principal place of business at Mercedesstrasse 120, 70372 Stuttgart, Germany. Plaintiff is a worldwide producer of premier luxury automobiles, which it manufactures, sells, and licenses under brands, including Mercedes-Benz and AMG. Plaintiff is the owner of the trademarks described herein, which it administers for the benefit of Plaintiff's U.S. subsidiaries and non-exclusive licensees.

4. On information and belief, Defendant is a Delaware corporation with its principal place of business at 8001 Development Drive, Morrisville, North Carolina 27560. Defendant is the United States-based entity within the global Lenovo Group Limited ("Lenovo Group"), which has one of its two worldwide operations centers in Morrisville, North Carolina.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331, 1332, and 1338. This Court has supplemental jurisdiction over Plaintiffs state and common law claims pursuant to 28 U.S.C. § 1367(a).

6. This Court has personal jurisdiction over Defendant as a resident of this District, due to Defendant having its principal place of business located in this judicial district. In addition, on information and belief, Defendant markets, distributes, and/or sells infringing products throughout the United States, including to customers within this judicial district.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant is located in this judicial district.

2

## FACTUAL BACKGROUND

### Plaintiff's Products and Trademark Rights

8.      Plaintiff is one of the largest and most well-known automotive companies, known for vehicles and other goods and/or services in the United States and in many countries throughout the world.  One of Plaintiff's most iconic symbols, the "three-pointed star," has been used for over a century, and is known worldwide and across consumer markets in association with Plaintiff and/or its predecessor(s) in interest.

9.      Plaintiff's brand, including its three-pointed star, stands for supreme excellence in terms of products, technology, and services. In 2020, Forbes ranked the Mercedes-Benz brand 23rd among the world's most valuable brands.[1]

10.      Plaintiff has protected its exclusive brand through a broad range of federal and common law trademark rights.  Plaintiff is known not only for its automotive vehicles, parts, and services, but also for its strong affiliation with products in a variety of other areas.  For example, Plaintiff extensively uses and develops electronics, computers, and software, in the area of vehicle software and for vehicle maintenance and diagnostics tools.  Plaintiff's software platform communications systems have been featured at the popular Consumer Electronics Show (CES). *See* Exhibit 1.

11.      The close association of computer software and electronics and the automotive industry is exemplified in the cooperation between Plaintiff and the computer company NVIDIA for the joint creation of hardware and software components in the field of autonomous driving:

---

[1] https://www.forbes.com/the-worlds-most-valuable-brands/#690c6934119c.



*See* <u>Exhibit 2A and 2B</u>.  NVIDIA is a well-known manufacturer of high-end computer graphic cards, as used in particular for gaming computers and as being installed as components in the Lenovo Legion Computers, such as:



*See* <u>Exhibit 2C</u>.

12.     In addition, as an automotive brand, Plaintiff has cooperation and/or sponsorship relationships with computer software manufacturers and eSports associations. For example, Plaintiff's brands and vehicles are contained in the content of various computer and/or video games:











*See* Exhibit 3.

13.    In addition, Plaintiff has been the exclusive automotive partner of all global League of Legends Esports events since 2020, with the 2022 League of Legends World Championships hosted in multiple cities across the U.S. *See* Exhibits 4A and 4B.

14.    Further, there is a multi-year sponsoring and support partnership between AMD, a supplier for high performance computing and simulation technologies, and the Mercedes-AMG Petronas Formula One Team and Esports team :



*See* Exhibit 5.

15.    Plaintiff owns federal trademark and service mark registrations across numerous

categories of goods and services, including for the three-pointed star in International Class 9 (e.g., computers, peripheral devices, software, and electrical and scientific products), International Class 12 (vehicles), International Class 25 (clothing and apparel), and International Class 28 (toys and sporting goods products).

16.     In particular, Plaintiff owns numerous three-pointed star mark marks, including but not limited to, all rights, title and interest in the below federally registered trademarks, for which true and correct copies of the registration certificates and any applicable renewals and/or assignments are attached hereto as Exhibits 6–11:

| Mark | U.S. Reg. No. | Int'l Classes/Representative Goods |
|------|---------------|-----------------------------------|
| <br>(Ex. 6) | 3,614,891 | Class 9:<br>"Parts of motor vehicles, namely, vehicle electro-mechanical wheel sensors; electric and electrical control units for braking systems, comprised primarily of sensors and microcomputers, and containing actuators comprising hydraulic valves, pressure boosters and control pistons . . . computer programs for use in connection with the operation and control of automobiles and related functions . . . ."<br><br>Class 12:<br>"Motor vehicles, namely, automobiles, vans, sport utility vehicles . . . and structural parts therefor. . . automobile parts, namely, automobile bodies, bumpers, and windshield sunshades; axles, axle bearings, wheels . .  fenders, finished glass windows, mud guards . . . children's car seats, horns, hub caps, trim badges and insignia, ski and luggage racks, rear view and cosmetic mirrors, seat belts, shock absorbers, spoilers, steering wheels . . . . "<br><br>Class 25: |

| Mark | U.S. Reg. No. | Int'l Classes/Representative Goods |
|------|---------------|-----------------------------------|
| | | "Articles of apparel, namely t-shirts, sweatshirts, jackets, vests, sweaters, sport shirts, headwear, namely, hats, caps." <br><br> Class 28: <br> "Toy automobiles, plush stuffed toy animals, sport balls for use in golf, toy model automobiles; toy model vehicles." |
|  <br> (Ex. 7) | 4,423,458 | Class 9: <br> "Scientific, nautical, surveying, electric and electronic, photographic, cinematographic, optical, weighing, measuring, signaling, supervision . . . namely, GPS navigation devices, distance, speed, acceleration and direction sensors, speedometers, fuel gauges for vehicles, battery charge indicators . . . computer software for speech recognition and production; computer software used in connection with the leasing, financing, sale and insurance of motor vehicles by auto dealers; computer software for vehicle diagnosis and vehicle repair; computer software used to simulate driving dynamics, passenger comfort, and automobile safety features in the field of automotive engineering, diagnosis and testing; computer software for operating mobile phones onboard vehicles; computer software for controlling vehicle acceleration and brake force; downloadable electronic publications in the nature of magazines in the field of automobiles; digital music downloadable from the Internet; mouse mats; mobile phone accessories, namely, protective carrying cases; sunglasses; fuel cells; batteries; parts for vehicles, namely, vehicle electro-mechanical wheel sensors . . . navigational systems and units comprising electrical and electronic speed, acceleration and directional sensors; electronic propulsion control units; fuel cells for automobiles . . . |

| Mark | U.S. Reg. No. | Int'l Classes/Representative Goods |
|------|---------------|-----------------------------------|
| | | coaxial, computer, electrical and fiber optic cables; electric cigarette lighters for land vehicles; electrical controllers; converters; electric converters; cruise controls for motor vehicles; electronic motion sensitive switches; radios for vehicles; receivers, namely, radio receivers . . . electric switches; electronic motion sensitive switches and electronic touch sensitive switches; tachometers; television antennas; radio transmitters . . . ." <br><br> Class 12: <br> "Land vehicles and their structural parts; apparatus for locomotion by land, namely, automobiles, vans, sport utility vehicles, bicycles; motors and engines for land vehicles; vehicle body parts and vehicle transmissions; safety and booster seats for children for use in vehicles; parts for vehicles and engines . . . horns, hub caps, trim badges and insignia, ski and luggage racks, rear view and cosmetic mirrors, seats, seat belts . . . . ." <br><br> Class 25: <br> "Clothing, namely, t-shirts, sweatshirts, polo shirts, ties, gloves, anoraks, jackets, vests, sweaters, sport shirts, parkas, pullovers, hooded pullovers, scarves, belts; headwear, namely, hats, caps and visors." <br><br> Class 28: <br> "Toy automobiles, toy model automobiles, scale model automobiles, plush stuffed toy animals, golf balls, golf bags, golf tees, decorations for Christmas trees." |

Case 5:23-cv-00203-M   Document 1   Filed 04/18/23   Page 11 of 27

| Mark | U.S. Reg. No. | Int'l Classes/Representative Goods |
|---|---|---|
|  (Ex. 8) | 3,043,311 | Class 9: "Sunglasses, spectacle cases." Class 25: "T-shirts, sweatshirts, gloves, jackets, vests, sweaters, sport shirts, shirts, scarves, caps." Class 28: "Toy automobiles, plush stuffed toy animals, toy model automobiles; toy model vehicles, golf balls, playing cards." |
|  (Ex. 9) | 799,796 | Classes 6, 7, 8, 9, 11, 12, 16, 21, 28: "Transmission and gear cases; pistons and other motor parts; internal combustion engines; mufflers for engines . . . automobile engine parts . . . tools for use in automobile repair shops; cutlery." |
|  (Ex. 10) | 799,460 | Classes 6, 7, 8, 9, 11, 12, 16, 21, 28: "Transmission and gear cases; pistons and other motor parts; internal combustion engines; mufflers for engines; compressors; air pumps . . . assembly tools; automobile engine parts; and tools for use in automobile repair shops; and cutlery." |
|  (Ex. 11) | 376,775 | Classes 7, 12, 22, 27: "Vehicles for use on land, namely, automobiles, wheels, vehicle axles, driving shafts, and steering columns; steering knuckles." |
|  |  |  |

17.     The above-referenced registered and common law marks are hereinafter

collectively referred to as the "Mercedes-Benz Marks."

18.    Pursuant to Section 7(b) of the Lanham Act, 15 U.S.C. § 1057(b), Plaintiff's federal registration certificates of the Mercedes-Benz Marks are prima facie evidence of their validity.

19.    Pursuant to Section 15 of the Lanham Act, 15 U.S.C. § 1065, U.S. Reg. No. 3,043,311 has become incontestable.  A copy of the notice acknowledging the incontestability of U.S. Reg. No. 3,043,311, is attached hereto as Exhibit 8b.

20.    Pursuant to Section 15 of the Lanham Act, 15 U.S.C. § 1065, U.S. Reg. No. 799,796 has become incontestable.  A copy of the USPTO TSDR status page showing acknowledgment of incontestability under Section 15 for U.S. Reg. No. 799,796 is attached hereto as Exhibit 9b.

21.    Pursuant to Section 15 of the Lanham Act, 15 U.S.C. § 1065, U.S. Reg. No. 799,460 has become incontestable.  A copy of the USPTO TSDR status page showing acknowledgment of incontestability under Section 15 for U.S. Reg. No. 799,460 is attached hereto as Exhibit 10b.

22.    Based on their incontestability, the federal registrations of U.S. Reg. No. 3,043,311, U.S. Reg. No. 799,796, and U.S. Reg. No. 799,460 are conclusive evidence of Plaintiff's exclusive rights to use them in commerce in connection with goods and services listed in the respective registrations.

23.    Plaintiff has expended millions of dollars in advertising across the United States in connection with the Mercedes-Benz Marks.

24.    As a result of Plaintiff's extensive use and promotion of the Mercedes-Benz Marks, Plaintiff has established the Mercedes-Benz Marks as famous marks among U.S. purchasers of as well as among the general members of the U.S. public.  The Mercedes-Benz Marks symbolize the goodwill of Plaintiff, and have become assets of incalculable value.

**Defendant's Actions**

25.     On information and belief, Defendant is the United States-based company of the global Lenovo Group, headquartered in Beijing, China.  Lenovo Group, including Defendant, is one of the largest manufacturers and sellers of computers, with a worldwide distribution and a high market share.

26.     One of the primary product areas for Defendant is gaming computers, for which it offers for sale and sells an extensive line of personal computers (PCs) and accessories/merchandise therefor.   In particular, Defendant uses the brand name "Legion" for such product line, in conjunction with the logo below (hereinafter the "Legion Logo"):



27.     On information and belief, Defendant has used since in or around 2018, and is currently using, the Legion Logo on products that are offered for sale, sold, and/or distributed in the United States, as well as in connection with advertisement of such products.

28.     On information and belief, Lenovo has and is engaged in advertisement, offers for sale, and sales in connection with the Legion Logo directly through the website www.lenovo.com, as well as through various third-party retailers. By way of example, these products include the items advertised below:

14

| Lenovo Products (*see* Exhibits 12 & 13) | Example Mercedes-Benz Marks |
|---|---|
|  | |

| Lenovo Products (*see* Exhibits 12 & 13) | Example Mercedes-Benz Marks |
|---|---|
|  |  |
|  |  |

| Lenovo Products (*see* Exhibits 12 & 13) | Example Mercedes-Benz Marks |
|---|---|
|  | |
|  |  |

| Lenovo Products (*see* Exhibits 12 & 13) | Example Mercedes-Benz Marks |
|---|---|
|  | |

| Lenovo Products (*see* Exhibits 12 & 13) | Example Mercedes-Benz Marks |
|---|---|
|  | |

29.    The Legion Logo, as used in association with the products that Defendant has and is offering for sale, selling, advertising, and/or distributing in the United States, is confusingly similar to the Mercedes-Benz Marks.   The Legion Logo, like the Mercedes-Benz Marks, is

comprised of three spokes creating three obtuse angles, with a ring surrounding the spokes.

30.     Defendant's use of a mark that is a colorable imitation of the Mercedes-Benz Marks diminishes the ability of the Mercedes-Benz Marks to identify Plaintiff as a source of its goods and services.

31.     Defendant has provided and/or continues to provide its Legion products to entities that they know or have reason to know are using, in association with such products, marks that are confusingly similar to the Mercedes-Benz Marks.

32.     Defendant's products bearing the Legion Logo travel in channels of commerce that overlap with content bearing Plaintiff's Mercedes-Benz Marks, as exemplified in this advertisement for a gaming subscription service appearing on Defendant's website, which shows the Mercedes-Benz Mark on the red AMG racing car.



*See* Exhibit 14.

33.     Plaintiff's use of the Mercedes-Benz Marks in connection with goods and/or services in the United States has been ongoing since prior to any use by Lenovo of its Legion Lego.

34. The Mercedes-Benz Marks became famous prior to any use of the Legion mark by Lenovo.

35. Plaintiff first became aware of use of the Legion Logo by Lenovo Group entities at the end of 2020.

36. In a letter dated February 2, 2021, Plaintiff communicated concerns about potential global consumer confusion and infringement resulting from the advertisement and/or sale of products in connection with the Legion Logo worldwide, including but not limited to the U.S., to Lenovo (Germany) GmbH, which is the German sales entity of the Lenovo Group.

37. Over the course of many ensuing months, all communications from Lenovo (Germany) GmbH relating to the actions referenced in the February 2, 2021 letter came from counsel in the United States.

38. On information and belief, Defendant has actual notice that its use of the Legion Logo is likely to cause confusion, to cause mistake, or to deceive consumers.

39. Defendant has and is willfully infringing upon Plaintiff's rights in the Mercedes-Benz Marks by advertising, offering for sale, selling, and/or distributing products in connection with the Legion Logo, and/or by intentionally inducing such acts by others.

40. Defendant's actions have caused, and continue to cause, damages to Plaintiff, including monetary damages and harm to Plaintiff's goodwill and reputation, as well as diminished control over the use of the Mercedes-Benz Marks or the quality of the goods and services offered under the Mercedes-Benz Marks.

41. On information and belief, Defendant has profited and continues to profit from its unlawful acts.

42. On information and belief, Defendants' conduct as alleged herein has been willful

and in bad faith, and with the intent to dilute the Mercedes-Benz Marks, to cause confusion and mistake, and to deceive the consuming public and the public at large as to the course, sponsorship and/or affiliation of Defendant's goods or services. By their wrongful conduct, Defendant has traded upon and diminished Plaintiff's goodwill.

43. On information and belief, Defendant is currently continuing its infringing activities, and Plaintiff continues to and will continue to suffer irreparable harm – for which there is no adequate remedy at law – from such unlawful infringing activities unless Defendant is enjoined by this Court.

44. Neither Plaintiff nor any authorized agent of Plaintiff's has consented to Defendant's use of what amounts to a colorable imitation of the Mercedes-Benz Marks in the manner alleged herein.

**COUNT I**
**Trademark Infringement**

**(15 U.S.C. § 1114 and Common Law of North Carolina)**

45. Plaintiff realleges and incorporates herein by reference the allegations set forth above.

46. Defendant has used and is using the Legion Logo (or substantially similar mark) in connection with the sale, offering for sale, distribution, and/or advertising of various products in ways that are likely to cause confusion, cause mistake, or deceive customers as to the source or sponsorship of such products with respect to the Mercedes-Benz Marks.

47. Defendant is selling and/or distributing its products in connection to entities that they know or have reason to know are, through the advertisement and/or sale of those products, infringing the Mercedes-Benz Marks such that Defendant's actions constitute contributory infringement of the registered Mercedes-Benz Marks.

48.     Defendant's conduct as alleged herein has been deliberate, willful, and intentional, with full knowledge and in conscious disregard of Plaintiff's rights in the registered Mercedes-Benz Marks with intent to trade off Plaintiff's vast goodwill in its marks.

49.     As a direct and proximate result of Defendant's conduct as alleged herein, Plaintiff has suffered and will continue to suffer damage to its goodwill and business, while Defendant profits at its expense.

50.     The continued and knowing use of a colorable imitation of the Mercedes-Benz Marks without Plaintiff's consent or authorization as alleged herein constitutes intentional infringement of Plaintiff's federally registered trademarks in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114, and infringement of Plaintiff's common law trademark rights.

51.     Each and every separate act of federal and common law trademark infringement to which Defendant contributed constitutes a separate claim herewith.

## COUNT II
## Unfair Competition

### (15 U.S.C. § 1125(a) and Common Law of North Carolina)

52.     Plaintiff realleges the allegations contained in each of the paragraphs above.

53.     Defendant's unlawful acts described above constitute unfair competition, including, without limitation, use of a false designation of origin which is likely to cause confusion, mistake, or deception as to origin, sponsorship, or approval, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

54.     Defendant's conduct constitutes an attempt to trade on the goodwill that Plaintiff has developed in the Mercedes-Benz Marks.

55.     By its conduct, Defendant has caused Plaintiff irreparable harm, damage and injury and will continue to do so unless Defendant is restrained and enjoined by this Court from further

violation of Plaintiff's rights.

56.     Plaintiff has no adequate remedy at law.

## COUNT III
## Trademark Dilution

## (15 U.S.C. § 1125(c))

57.     Plaintiff realleges and incorporates by reference the allegations set forth above.

58.     The Mercedes-Benz Marks are distinctive and famous, and have been since prior to Defendant's use of the Legion Logo.

59.     The Mercedes-Benz Marks have powerful consumer associations such that even non-competing uses can impinge on their value.

60.     The use of a colorable imitation of the Mercedes-Benz Marks to sell, offer for sale, distribute, and/or advertise products as alleged herein has and continues to dilute the distinctive quality of the Mercedes-Benz Marks in violation of 15 U.S.C. § 1125(c).

61.     Defendant's conduct as alleged herein has caused and will continue to cause Plaintiff irreparable harm.  Plaintiff has no adequate remedy at law to compensate it fully for the damages that have been caused and which will continue to be caused by Defendant's unlawful acts, unless enjoined by this Court.

62.     Each and every separate act of trademark dilution to which Defendant has contributed constitutes a separate claim herewith.

## COUNT IV
## Unfair and Deceptive Trade Practices Under North Carolina Law

## (N.C. Gen. Stat. §§ 75-1.1 *et seq.*)

63.     Plaintiff realleges the allegations contained in each of the paragraphs above.

64.     Defendant's conduct described above constitutes misappropriation of Plaintiff's

valuable intellectual property rights, and trading on the goodwill symbolized by the distinctive MERCEDES-BENZ Marks, and is thereby likely to confuse and deceive members of the purchasing public.

65. The activities of Defendant as described in the forgoing paragraphs, and in each cause of action herein asserted, constitute unfair and/or deceptive trade practices that have occurred and are occurring in commerce and have proximately caused and are proximately causing irreparable harm, damage and injury to Plaintiff.

66. Therefore, Defendant is violating the North Carolina statutory prohibition of unfair and deceptive trade practices. N.C. Gen. Stat. §75-1.1 *et. seq.*

67. By reason of the foregoing, Plaintiff is entitled to recover from Defendant, treble damages and reasonable attorneys' fees, pursuant to N.C. Gen. Stat. §75-16 and 75-16.1.

68. By its conduct, Defendant has caused and, unless restrained and enjoined by this Court, will continue to cause irreparable harm, damage, and injury to Plaintiff.

69. Plaintiff has no adequate remedy at law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

1. Entry of a judgment that Defendant has directly infringed and/or contributed to infringement of the Mercedes-Benz Marks in violation of Plaintiff's rights under 15 U.S.C. § 1114(1) and under the common law.

2. Grant of a permanent injunction enjoining Defendant and its officers, directors, agents, servants, employees, affiliates, attorneys, and all others acting in privity or in concert with Defendant, and any parent entities, subsidiaries, divisions, successors and assigns from further acts of infringement of the Mercedes-Benz Marks;

3.      Entry of a judgment awarding Plaintiff all damages adequate to compensate for Defendant's infringement of the Mercedes-Benz Marks in an amount to be proven at trial, and in no event less than a reasonable royalty for Defendant's acts of infringement, including all pre-judgment and post-judgment interest at the maximum rate permitted by law;

4.      Entry of a judgment that Defendant's activities are likely to, or have, contributed to the dilution of the famous Mercedes-Benz Marks in violation of Plaintiff's rights under 15 U.S.C. § 1125(c);

5.      Entry of an order directing Defendant to provide to Plaintiff for destruction any and all unlawful products or materials, and to compensate Plaintiff for any and all advertising or other expenses necessary to dispel the public confusion caused by Defendants' unlawful acts;

6.      Entry of a judgment requiring Defendant to file with the Court and serve on Plaintiff, through the undersigned counsel, within thirty (30) days after the service of the injunction entered in this action, a report, in writing, under oath, setting forth in detail the manner and form in which Defendant has complied with the injunction, pursuant to 15 U.S.C. § 1116(a);

7.      Entry of a judgment against Defendant for monetary damages in an amount to be proven at trial, including but not limited to, Defendant's profits or gains of any kind resulting from Defendant's willful infringement, and/or acts of unfair competition, and any damages Plaintiff suffered as a result of Defendant's actions pursuant to 15 U.S.C. § 1117(a) and N.C. Gen Stat. §75-16, said damages to be trebled pursuant to 15 U.S.C. § 1117(b) and N.C. Gen Stat. §75-16, and Plaintiff's reasonable attorneys' fees, costs, and exemplary damages in view of the intentional nature of the acts complained of in this Complaint and the exceptional nature of this case, pursuant to 15 U.S.C. § 1117 (a)-(b), and applicable common law, state statute, and federal law.

8.      Such other relief as this Court deems just and proper.

This is the 18th day of April, 2023

/s/ Shauna M. Wertheim
*Pro Hac Vice Pending*
Joanna L. Cohn
*Pro Hac Vice Pending*
THE MARBURY LAW GROUP, PLLC
11800 Sunrise Valley Drive, 15th Floor
Reston, Virginia 20191
Telephone: (571) 267-7002
Facsimile: (703) 391-2901
Email: swertheim@marburylaw.com
jcohn@marburylaw.com


/s/ Amiel J. Rossabi
North Carolina State Bar No. 16984
ROSSABI LAW PARTNERS
445 Dolley Madison Road, Suite 200
Greensboro, North Carolina 27410
Telephone: (336) 895-4350
Facsimile: (833) 208-1429
Email: arossabi@r2kslaw.com

27